### BURNS v. BURNS.

(District Court, S. D. New York. October 15, 1903.)

1. SHIPPING—DEMURRAGE—EVIDENCE OF CONTRACT.

An agreement shown to have been made between a shipper and vessel owner as to the rate of demurrage *held* not to have been changed by the delivery of a bill of lading on a form stipulating for a different rate, which was used by mistake, and without intention to change the prior agreement.

In Admiralty. Suit for freight and demurrage.

Martin A. Ryan, for libellant.

Frederick W. Park, for respondent.

ADAMS, District Judge. This is an action which was brought to recover certain unpaid freight and 21 days' demurrage on a cargo of 307 tons of coal delivered by the libellant on his boat Annie Burns at the foot of 38th Street, North River, in December, 1902. It is not disputed that the freight, amounting to $99.54, is due. The libellant also claims 40c. per ton on the coal, in conformity with a bill of lading, which is produced. The respondent admits that there is freight and demurrage due to the extent of $223.32 and that amount has been paid into court.

The controversy arises between the libellant's claim of demurrage at the rate of 6c. per ton, which is mentioned in the bill of lading, and the rate of $6 per day for the boat, which the respondent says was agreed upon as the rate which was to be paid.

I do not regard the bill of lading as evidence of the contract with respect to demurrage, under the circumstances developed by the testimony. It appears that this form of bill of lading is the one used for eastern shipments and that it was delivered to the libellant by mistake and without intention of changing the agreement of $6 per day, which I find was made when the rate of freight was agreed upon.

The libelant is entitled to recover the money in court with costs up to the time of the tender, including a docket fee, less the respondent's costs, since the tender. Decree accordingly.

¶ 1. Demurrage, see notes to Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.