## J. T. VAN METRE v. G. C. NUNN.[1]

January 12, 1912.

Nos. 17,368—(174).

**Contract with Indian — verdict sustained by evidence.**

>    Action to recover $2,000 from the estate of O-bah-baum, an Indian woman,
> upon a written contract whereby she promised to pay the plaintiff for his
> services in prosecuting her claim against the United States one-half of the
> amount received thereon. Defense, that the contract was obtained by fraud,

[1] Reported in 133 N. W. 1012.

[Note]   Failure to read contract as affecting right to relief on ground of
fraud, see note in 6 L.R.A.(N.S.) 463.

Ignorance or carelessness as affecting the right to equitable relief from a con-
tract by which one had been overreached, see note in 5 L.R.A.(N.S.) 799.

and that the plaintiff was prohibited by section 190, R. S. (U. S.) 1878, from prosecuting the claim. *Held,* that the verdict for the defendant is sustained by the evidence, and that the trial court made no reversible errors, either in its charge to the jury or in refusing requested instructions.

Claim against the estate of O-bah-baum, deceased, to recover $2,000, alleged to be due for services rendered, in accordance with a written contract between the deceased and plaintiff, in prosecuting her claim against the United States. The claim was not allowed by the probate court, and plaintiff appealed to the district court for Becker county. The substance of the pleadings is given in the opinion. The action was tried before Nye, J., who, when plaintiff rested, denied defendant's motion to dismiss the case, and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Johnston & Dennis,* for appellant.

*M. J. Daly,* for respondent.

START, C. J.

The defendant's intestate, O-bah-baum, was an Indian woman, who died April 13, 1908. The plaintiff, a lawyer, presented to the probate court of the county of Becker a claim against her estate for the sum of $2,000. That court disallowed the claim, and plaintiff appealed therefrom to the district court of the county of Becker. Issues were made in the district court, by the pleadings of the respective parties, and tried, resulting in a verdict for the defendant. The plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

The plaintiff's cause of action is based upon an express written contract, and there is here no question of a recovery upon a quantum meruit. The alleged contract was made on April 11, 1907, in which O-bah-baum was designated the party of the first part, and the plaintiff as the party of the second part. The here material provisions of the contract are these:

"Witnesseth: Whereas, the United States did, about the year 1898, cut from lots numbered two (2) and three (3) of section six-

teen (16) in township one-hundred and forty-two (142) north of range thirty-seven (37) in Becker county, state of Minnesota, which land was then and is now the property of the party of the first part; that there was one million feet of pine timber cut from said land by the United States, and the party of the first part has never been paid for any part thereof.

"The party of the first part hereby employs the party of the second part to recover the value of the timber so cut, by suit or otherwise, and to pay him fifty per cent. of the amount so recovered as his services in the premises."

The complaint set up this contract, and alleged performance of it on the part of the plaintiff, by prosecuting the claim to a successful determination, resulting in the payment of $4,000 to the administrator of the estate of the intestate by the United States in full settlement of the claim.

The defense was that the execution by the intestate of the contract was obtained by fraud, in that it was orally agreed between the parties that the plaintiff would prosecute the claim for a reasonable compensation for his services, but that he fraudulently inserted in the writing the contingent agreement to pay him one-half of the amount recovered, without her knowledge or consent, and that, believing the written contract was in accordance with the agreement of the parties, and relying on plaintiff's statement that such was the case, she signed it, and, further, that the plaintiff was disqualified from entering into the contract, because he had been chief clerk of the agency at White Earth reservation, and that the contract was entered into by him within one year after he left the employ of the United States, contrary to the prohibition of section 190, R. S. (U. S.) 1878.

The first group of alleged errors to be considered raises the question of the sufficiency of the evidence to support the verdict. The claim of the plaintiff is that there is no evidence to sustain a finding that the intestate was induced to enter into the contract by reason of the alleged fraudulent representations.

There was evidence tending to show that the intestate was an Indian of full blood, a ward of the United States, living on the White

Earth Indian reservation, in this state; that she was old, ignorant, could neither read nor write, and could not speak or understand English, all of which the plaintiff well knew at the time the alleged contract was made; that the plaintiff is a lawyer, and all negotiations between him and the intestate were made by the aid of an interpreter, as neither spoke the language of the other; that the parties orally agreed that the plaintiff should prosecute the claim, and that, if anything was realized thereon, he was to be paid for his services, but nothing was said as to the amount or measure of his compensation; that thereupon the plaintiff prepared the written contract and handed it to the interpreter, saying to her that it was drawn just as the parties had orally agreed; and that it was signed by the intestate at his request, without its being read or explained to her, nor was she told that by the written contract the plaintiff was to have one-half of all that might be collected, for his services.

The plaintiff gave testimony tending to show that the oral contract between the parties was the same as the written one; that pursuant thereto he took up the matter of the claim with the commissioner of Indian Affairs, and was informed that there was no remedy for the claimant; that thereupon he presented the matter to the chairman of the senate committee on Indian affairs, and the member of Congress from the Ninth congressional district of Minnesota, which resulted in an act of Congress authorizing the adjustment and payment of the claim by the secretary of the interior.

It is urged by the plaintiff that there was no evidence that, had the deceased known that the contract contained the clause providing for the payment of a fee of fifty per cent. of the amount realized on the claim, she would not have executed the contract, or that she relied on the alleged representations. There was no direct evidence as to these matters, but of necessity there could be none, for she died three years before the trial of the action.

The evidence must be construed with reference to the inequality of the parties in intelligence and business experience, and all the circumstances attending the execution of the contract as disclosed by the evidence. We have so considered the evidence, and reached the conclusion that it is sufficient to sustain the finding of the jury

that the intestate was induced to sign the contract in reliance upon the false representation, expressed or implied, of the plaintiff that it expressed only the oral agreement of the parties, which was in legal effect that the plaintiff was to be paid for his services their reasonable value in case anything was realized on the claim. We accordingly hold that the trial court correctly denied the plaintiff's motion for an instructed verdict in his favor, and that the verdict is sustained by the evidence.

The next group of alleged errors relates to the charge of the trial court and its refusal to give instructions requested by the plaintiff. The first request was to the effect that, if the intestate could by the exercise of ordinary prudence have ascertained the contents of the written contract, the fraud on the part of the plaintiff had not been established, and that the interpreter was in this respect her agent. This was rightly refused, for as between the original parties to a written contract a party whose signature thereto has been obtained by fraud may avoid it, although he was lacking in ordinary prudence in the premises. Eggleston v. Advance Thresher Co. 96 Minn. 241, 104 N. W. 891; Providence Jewelry Co. v. Crowe, 113 Minn. 209, 129 N. W. 224, 31 L.R.A.(N.S.) 674.

It is also urged that the trial court erred in refusing to give the plaintiff's requested instructions to the effect that the evidence was not sufficient to justify the jury in finding that the intestate had a claim against the United States which was pending in any of the departments while the plaintiff was employed as a clerk therein, and in submitting the question to the jury. The section of the statute in question reads as follows:

"It shall not be lawful for any person appointed after the first day of June, one thousand eight hundred and seventy-two, as an officer, clerk or employee in any of the departments, to act as counsel, attorney, or agent for prosecuting any claim against the United States which was pending in either of said departments while he was such officer, clerk or employee, nor in any manner, nor by any means, to aid in the prosecution of any such claim, within two years next after he shall have ceased to be such officer, clerk or employee."

The plaintiff's construction of this statute is this: "The statute was enacted for the purpose of prohibiting the persons occupying the positions therein mentioned from prosecuting by means of a lawsuit, and in any manner and by any means to aid in the prosecution of any such claim by means of a lawsuit, before a court or tribunal having jurisdiction to hear, determine, and make a final disposition of the claim." It is obvious that this is a technical view of the statute, not justified by its language, and that it prohibits during the time limited the persons therein named from acting as counsel, attorney, or agent in the collection of any claim against the United States which was pending in any of its departments while he was such officer, clerk or employee.

We are of the opinion that the evidence was sufficient to justify the trial court in submitting the question to the jury whether the claim in question was pending within the meaning of the statute, and that it was not error to deny the requested instruction, nor was it error to submit the question to the jury.

The other assignments of error have been considered. We find no reversible error in the court's rulings, either in its instructions as given, or in its refusal to give requested instructions.

Order affirmed.