## HENRY WINTER v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 12, 1912.

Nos. 17,683—(187).

**Release of damages obtained by fraud — evidence.**

*Held*, in this a personal injury action, that the finding of the jury to the effect that a written release by the plaintiff of his claim for damages was secured by fraud, is justified by the evidence.

Action in the district court for Traverse county to recover $4,060 for personal injuries. The complaint, after describing the wings up-

---

[1] Reported in 136 N. W. 1089.

on the doser and their operation, alleged that owing to the unevenness of the grade and to the presence of cattle guards and other obstructions it was frequently necessary to raise the outer end of the wing and also frequently necessary to lower the same; that defendant had in its employ two men whose business it was to ride upon the wings and to watch for uneven places in the ground and for obstructions, and to direct plaintiff when to raise or lower the wing by using the crank; that when plaintiff was thus directed to raise or lower the wing it was plaintiff's duty to obey instructions; that on the inside of one of the uprights upon the car was a rachet or cog-wheel in and upon which were cogs, wheels, shoulders, and places into, and in connection with, which a certain dog which was fastened to the wheel and the upright worked and fitted by its own weight automatically; that the dog should have been at all times able to hold the wing at any height to which it was raised by plaintiff and had it not been that the cogs, holes and places in the wheel into which the dog fitted were worn too large and out of place, and that the dog was worn and had become too small, and that the end riveted had become loose and badly worn out, the dog would have remained in place in the hole and would have held the wing at any height. The substance of the answer and reply will be found in the opinion.

The case was tried before Flaherty, J., and a jury which returned a verdict in favor of plaintiff for $400. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*J. D. Sullivan* and *M. L. Countryman,* for appellant.

*F. W. Murphy,* for respondent.

START, C. J.

On April 28, 1910, the plaintiff, a laborer and employee of the defendant, was, with other of defendant's employees, engaged in operating a doser; that is, a flat car equipped with wings, constructed of steel and wood, which could be raised and lowered, the purpose of which was to improve the railway roadbed close to the ends of the ties. The wings of the doser were raised and lowered by means of a crank on each side of the flat car connected with appliances thereon. While the plaintiff was operating one of the cranks, the dog, which

should have held it, slipped, throwing the crank around rapidly, with the result that it struck the back of his left hand, breaking the bone thereof, and otherwise injuring it, so that it is permanently crippled to the extent that, after the necessary removal of one of his fingers, there will remain only the thumb and little finger in a normal condition. He brought this action in the district court of the county of Traverse to recover damages in the sum of $4,060, which the complaint alleged he had sustained as a result of his injuries, and that they were caused by the negligence of the defendant in permitting the appliances connected with the crank to become and to remain in a defective and dangerous condition.

The answer denied any negligence on the part of the defendant, and alleged that the plaintiff's injuries were caused solely by his own negligence, and, further, that the plaintiff and defendant had a full settlement of his claim for damages, whereby it paid to him $100, which he accepted in full of his claim and executed a written release thereof.

The reply alleged in effect that the release was obtained from the plaintiff by the fraudulent representations of the defendant, which were relied upon by him; that at the time the release was signed it was agreed by the plaintiff and the claim agent of the defendant that the plaintiff was to be paid $100 for the time he had lost from the date of his injury to July 1; and that he accepted the money and signed the release, relying upon the false representations of the agent that it was a receipt for the sum so agreed upon and paid, and not otherwise.

On the trial of the issues there was evidence tending to establish the allegations of the complaint. The trial judge submitted to the jury, with the other issues, the question whether the release was obtained by fraud as alleged, and instructed them in effect that the release was prima facie valid, and the burden was on the plaintiff to establish the alleged fraud by evidence clear and convincing to a reasonable certainty; that, if he had failed so to do, the verdict in any event must be for the defendant; but, if they found for the plaintiff on all of the issues, they would return a verdict for the plaintiff, deducting from his damages the $100 already paid him by defendant.

The instructions were clear and fair, neither party excepting to any of them. The plaintiff had a verdict for $400, and the defendant appealed from an order denying its motion for a new trial on the ground that the verdict was not justified by the evidence.

It is here practically conceded that the evidence was sufficient to sustain a finding for the plaintiff on all of the issues, except the one as to whether the release was obtained by fraud; but it is urged by defendant's counsel that the finding upon the issue of fraud is so manifestly and overwhelmingly against both the oral and written evidence that it was at least an abuse of discretion not to grant a new trial.

Assuming that the plaintiff is a man of ordinary intelligence, the documentary evidence is quite persuasive that he intelligently released his claim for damages. When, however, the documentary evidence is considered in connection with facts which the evidence fairly proves, it is reasonably clear that the finding of the jury on the issue was justified by the evidence. The facts to which we refer are summarized in the memoranda of the trial court as follows:

"The gross negligence of defendant was clearly established. The fact that the injury was both severe and permanent could not be questioned, any more than the fact that it so crippled a common laborer that he would never thereafter be able to do a common laborer's work. Under the evidence the jury might well believe that a man so seriously injured as plaintiff was, and having an apparently honest claim against the defendant for a large sum, would not intentionally and knowingly release his whole claim for the insignificant amount of $100."

The trial court and jury had the advantage of seeing and observing both the plaintiff and the agent, who directly contradicted each other as to what was said and done when the release was obtained, and were in a position intelligently to determine which one of the witnesses was credible, and which was inexperienced and simple-minded, if either were. We are of the opinion that the finding of the jury upon all of the issues is justified by the evidence.

Order affirmed.