# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

## LEA DUHOLM v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

### May 14, 1920.

### No. 21,670.

**Facts.**

1. Plaintiff desired to ship goods, interstate, so that he might collect the price before delivery to the consignee. In effect, he agreed with defendant's agent on an order bill of lading, and the agent, in effect, represented that he had issued him such a bill of lading. In fact he issued a straight bill of lading and the goods were delivered to the consignee without payment.

**Cancelation of bill of lading for fraud of carrier.**

2. No question of rates being involved, rate statutes and rate decisions do not control. The case is one of fraud. A shipper may be relieved of the terms of his bill of lading for fraud.

**Carrier liable for deceitful words of its agent.**

3. That the fraud was not wilful is not important. Defendant is liable for its agent's unqualified words of deception.

**Want of care in reading bill of lading not a defense against shipper.**

4. The fact that plaintiff may have been negligent in not reading the contract is not a defense between the original parties.

[1]Reported in 177 N. W. 772.

146 M.—I.

Action in the district court for Mower county to recover $100, the value of a vulcanizing outfit delivered to defendant. The defendant in its answer alleged that it was a corporation, engaged as a common carrier for hire, owning and operating, among others, a line of railroad extending from Austin, Minnesota, to Terry, Montana; that on or about August 30, 1917, the parties entered into a written contract, whereby defendant agreed to deliver to one M. A. Miller at Terry, Montana, the freight described in the contract and that the contract had been fully and in all respects performed. The case was tried before Catherwood, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. W. Root* and *C. W. Wright,* for appellant.

*Sasse & French,* for respondent.

HALLAM, J.

1. There is evidence to sustain the following facts:

On August 30, 1917, at Austin, Minnesota, plaintiff delivered to defendant, a vulcanizing outfit, to be transported to Terry, Montana. At the time the goods were so delivered plaintiff stated to defendant's agent that he wanted them shipped C. O. D. one hundred dollars. The agent said: "All right, we can fix that up." The agent then made out a bill of lading and handed it to plaintiff. Plaintiff asked if it wasn't necessary to specify in the bill of lading the amount of one hundred dollars to be collected at the other end. The agent said: "No, that isn't necessary at all." Defendant again asked the agent if he could get his money at the other end before delivery, and the agent told him that the bill of lading as made out would accomplish that, and that he should take the bill of lading to a bank and send it out with a draft and that would get him the money. The agent's statement accurately described an order bill of lading and its effect. In fact he made out and delivered to plaintiff a straight bill of lading which gave no such protection. Plaintiff took it to the bank and forwarded it with a draft attached. The consignee did not pay the draft, but took the goods from defendant

without payment, as the straight bill of lading permitted him to do. After trying in vain to collect from the consignee, plaintiff brought this action to recover from defendant the value of the shipment. The action was tried and submitted to the jury as one in fraud. The jury found for plaintiff. Defendant appeals. No question is raised but that, if the facts entitle plaintiff to relief at all, he may recover in this action.

2. This was an interstate shipment. We may assume that the case is governed by Federal statutes, and the "common law principles accepted and enforced by the Federal courts." Northwestern C. M. Co. v. Chicago, B. & Q. R. Co. 135 Minn. 363, 160 N. W. 1028; Southern Ry. Co. v. Prescott, 240 U. S. 632, 36 Sup. Ct. 469, 60 L. ed. 836.

In cases arising under the Hepburn act and its amendments, the Federal decisions are to the effect that, so far as concerns the matter of rates, or regulations or provisions which are in effect part of the rate, neither the intentional nor accidental misstatement by a station agent as to the applicable published rate will bind the carrier or shipper. "The lawful rate is that which the carrier must exact and that which the shipper must pay." Kansas City Southern Ry. Co. v. Carl, 227 U. S. 639, 653, 33 Sup. Ct. 91, 395, 57 L. ed. 683; Louisville & N. R. Co. v. Maxwell, 237 U. S. 94, 98, 35 Sup. Ct. 494, 59 L. ed. 853, L.R.A. 1915E, 665. There is no such thing as actionable misrepresentation as to rates, for every person is bound to know the lawful rate, and, since the amount of liability for loss of goods transported depends upon the rate, the liability incident to a particular rate attaches automatically to the contract. Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. ed. 314, 44 L.R.A.(N.S.) 257; Boston & M. R. v. Hooker, 233 U. S. 97, 34 Sup. Ct. 526, 58 L. ed. 868, L. R. A. 1915B, 450, Am. St. 1915D, 593; Atchison, T. & S. P. Ry. Co. v. Robinson, 233 U. S. 173, 34 Sup. Ct. 556, 58 L. ed. 901; American Express Co. v. U. S. Horse Shoe Co. 244 U. S. 58, 65, 27 Sup. Ct. 595, 61 L. ed. 990.

Counsel for defendant rely much on this line of decisions, but it seems to us they are not pertinent to this case. This is not a rate case. No question of tariff is directly or indirectly involved. Two forms of bill of lading are prescribed by Federal statutes, namely, the order bill of lading and the straight bill of lading, chapter 415, approved August

29, 1916 (U. S. Comp. St. §§ 8604aaa–8604w). Whichever form is used the rate is the same.

The case is simply one in fraud. Perhaps plaintiff might have treated it as one of mistake with the same result. We know of no Federal legislation that is applicable. General principles of common law control.

There was evidence of a palpable deception practiced by the agent upon plaintiff. The parties, in effect, agreed upon an order bill of lading. The agent, in effect, told plaintiff that he was supplying him with an order bill of lading, and plaintiff, with his unfamiliarity with such transactions, relied on the agent's superior knowledge, and trustingly took the bill of lading, and went through the futile motion of sending it through his bank with a draft attached, with the result above stated.

A bill of lading is a contract, Northern Pac. Ry. Co. v. Wall, 241 U. S. 87, 91, 92, 36 Sup. Ct. 493, 60 L. ed. 905, and in the absence of fraud or mutual mistake its language is controlling. Cau v. Texas & Pac. Ry. Co. 194 U. S. 427, 24 Sup. Ct. 663, 48 L. ed. 1053; Schaller v. Chicago & N. W. Ry. Co. 97 Wis. 31, 41, 71 N. W. 1042; McMillan v. Mich. S. & N. I. R. Co. 16 Mich. 79, 112, 93 Am. Dec. 208; 1 Hutchinson, Carriers, § 409. But, as in case of any other contract, in the event of fraud or mutual mistake, the written contract may be avoided and the actual contract of the parties may be shown. 4 Am. & Eng. Enc. (2d ed.) 543, and cases cited. For example, it has been held that, where the shipper advises the carrier's agent that he wants to employ a method by which the goods will be delivered only upon payment of a draft for the price, and is advised by the agent that the use of a straight bill of lading with an indorsement thereon, of the words: "Bill of lading attached to draft," will accomplish that purpose, the carrier becomes liable by surrender of the goods without payment, Sturges v. Detroit, G. H. & M. Ry. Co. 166 Mich. 231, 131 N. W. 706; that a prior agreement as to rate of demurrage is not changed by delivery of a form of bill of lading, stipulating for a different rate, used by mistake, Burns v. Burns, 125 Fed. 432, affirmed Burns v. Burns, 131 Fed. 238, 65 C. C. A. 224; 2 Hutchinson, Carriers, § 832, and generally it is held that parol evidence is admissible to show fraud or mistake in a bill of lading, Steamboat Wisconsin v. Young, 3 Greene (Iowa) 268; to

show that words were omitted by mistake, Star of Hope, 2 Sawy. 15, Fed. Cas. No. 13,313; or that a clause, inconsistent with the agreement of the parties, was by mistake left unerased, Chouteaux v. Leech & Co. 18 Pa. 224, 57 Am. Dec. 602, and that, where a shipper has entered into a verbal agreement for transportation, "he may rightfully assume, in the absence of notice to that effect, that it is embodied in the paper or receipt, or at least that the receipt contains nothing contrary to it. "It is in the nature of a direct fraud or cheat for the company or its agents, after having entered into a verbal agreement, thus wrongfully to insert a contract of an entirely different character, and present it to the party without directing his attention expressly to it and procuring his assent. It is no answer for the company in such a case to say that the other party should have been more diligent and watchful, and should have detected the fraud," Strohn v. Detroit & M. Ry. Co. 21 Wis. 554, 561, 94 Am. Dec. 564. See also Mobile & M. Ry. Co. v. Jurey, 111 U. S. 584, 591, 4 Sup. Ct. 566, 28 L. ed. 527; Northern Pac. Ry. Co. v. American Trading Co. 195 U. S. 439, 462, 25 Sup. Ct. 84, 49 L. ed. 269; Black v. Wabasha, St. Louis & P. Ry. Co. 111 Ill. 351, 53 Am. Rep. 628; W. H. Anton Piano Co. v. Chicago, M. & St. P. Ry. Co. 152 Wis. 156, 139 N. W. 743; 2 Hutchinson, Carr. § 832.

3. That the agent may not have wilfully or with animus misled plaintiff is not important. He in fact deceived plaintiff into believing that he had received the bill of lading giving the rights agreed on. Actual corrupt intent was not essential. Defendant is liable for its agent's positive and unqualified words of deception. Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L.R.A. 149, 18 Am. St. 485; Freeman v. F. P. Harbaugh Co. 114 Minn. 283, 130 N. W. 1110; Drake v. Fairmont Drain Tile & Brick Co. 129 Minn. 145, 151 N. W. 914.

4. Defendant contends that plaintiff received and signed the bill of lading with full opportunity to read it, and that, if he failed to do so, he is nevertheless bound thereby and cannot afterwards plead ignorance or fraud. But, as between the original parties, one who has been induced by fraud to enter into a written contract may be relieved against its terms, although he was negligent in signing the contract without reading it. Eggleston v. Advance Thresher Co. 96 Minn. 241, 104 N.

W. 891; Providence Jewelry Co. v. Crowe, 113 Minn. 209, 129 N. W. 224; Van Metre v. Nunn, 116 Minn. 444, 133 N. W. 1012.

Our conclusion is that, under the facts as the jury must have found them, plaintiff was entitled to be relieved against his written contract. The oral contract which the parties made was a perfectly valid and binding one. W. H. Aton Piano Co. v. Chicago, M. & St. P. Ry. Co. 152 Wis. 156, 139 N. W. 743; Saxon Mills v. New York, N. H. & H. R. Co. 214 Mass. 383, 101 N. E. 1075; Barrett v. Northern Pac. Ry. Co. 29 Idaho, 139, 157 Pac. 1016.

It seems to us that the principle of this decision received the approval of the United States Supreme Court in Cau v. Texas & Pacific Ry. Co. 194 U. S. 427, 431, 24 Sup. Ct. 663, 664, 48 L. ed. 1053, where the court said, to the proposition that the carrier "must take no advantage of the shipper or practice no deceit upon him, we agree." It must follow, that if advantage is taken or deceit practiced, the shipper is entitled to relief.

Order affirmed.