# JOHN MARINO v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

March 5, 1937.

No. 31,131.

*D. F. Lyons, Frederic D. McCarthy, Mitchell, Gillette, Nye & Harries,* and *W. O. Bissonett,* for appellant.

*M. J. McKeon* and *A. G. McKnight,* for respondent.

PETERSON, JUSTICE.

Appeal by defendant from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial, after

[1]Reported in 272 N. W. 267.

a verdict in favor of plaintiff for $4,500 in an action for personal injuries under the federal employers liability act. The questions urged on this appeal are: (1) The sufficiency of the evidence to show that two releases were obtained by defendant's agents by fraud; (2) whether the charge with respect to the release is justified by the evidence; and (3) the exclusion of a certain letter offered in evidence.

On September 15, 1935, while unloading copper bars from a hand truck, plaintiff's hand was crushed, resulting in very severe and probably permanent injuries to his fingers and hand, with partial loss of motion of three fingers and partial loss of function of the hand, so that he will be unable to perform the tasks ordinarily involved in common labor.

■ Plaintiff's evidence tends to show, with respect to the general release, that he and the defendant's claim agent orally agreed that defendant would pay plaintiff $150 for his lost wages and that plaintiff could sue the company for the injuries to his hand. After the oral agreement had been made, the claim agent prepared a general release and a check for $150, both of which plaintiff signed. The claim agent did not make any statement to plaintiff as to the contents of the written release. Plaintiff understood that he was signing for the $150 lost wages and that he was not signing a release of his claim for personal injuries. It is plaintiff's claim that inducing him to sign a general release instead of a receipt for his wages was a fraud upon him. This issue was submitted to the jury, which found in his favor. Defendant denies that this was fraud because the oral agreement to pay lost wages, leaving plaintiff to sue to recover for personal injuries, was not a fraudulent statement or a trick that kept plaintiff in ignorance of the release which he signed.

A release for personal injuries and other damages arising out of the negligence of the releasee, procured from the releasor by a false representation that he is signing only a receipt or other voucher for money paid to him for purposes other than for the release of the entire cause of action, is fraudulent and voidable. The rule is applied in cases in which the plaintiff was induced to sign a release

by being led to believe that he was signing only a receipt. 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8374, and note 38; Sobieski v. St. P. & D. R. Co. 41 Minn. 169, 42 N. W. 863; Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Schus v. Powers-Simpson Co. 85 Minn. 447, 89 N. W. 68, 69 L. R. A. 887; Sundvall v. Interstate Iron Co. 104 Minn. 499, 116 N. W. 1118; Christmann v. G. N. Ry. Co. 181 Minn. 97, 231 N. W. 710. Whether plaintiff signed the general release because he was led to believe that he was signing only for lost wages or whether plaintiff understood that he was signing a release was for the jury to decide. Upon the evidence, it could be argued in behalf of plaintiff that he supposed he was receiving payment merely for lost wages and did not understand that he was releasing his claim for personal injuries. Cases cited *supra;* Bliss v. New York Cent. & H. R. R. Co. 160 Mass. 447, 36 N. E. 65, 39 A. S. R. 504; Madison Trust Co. v. Helleckson, 216 Wis. 443, 257 N. W. 691, 96 A. L. R. 992; Farwark v. C. M. & St. P. Ry. Co. 202 Iowa, 1229, 211 N. W. 875; Roberts v. Eastern Counties Ry. Co. 1 Foster & F. 460 (*per* Cockburn, C. J.).

Defendant's contention that plaintiff's failure to ascertain the contents of the release is such gross negligence as estops him from denying it is based principally upon the proposition that there was no verbal statement made by defendant's agent to plaintiff as to the contents of the instrument at the time he signed it. Words are unnecessary. False representations may be made by acts as well as by words. 3 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3818, note 81; 12 R. C. L. p. 243, § 13. The presentation of the written instruments to plaintiff was a representation that they embodied the oral agreement. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 3832, and cases cited in note 77; Place v. Johnson, 20 Minn. 198 (219); Providence Jewelry Co. v. Crowe, 113 Minn. 209, 129 N. W. 224; King v. International Lbr. Co. 156 Minn. 494, 195 N. W. 450. In the recent case of Phillips Petroleum Co. v. Roth, 186 Minn. 173, 178, 242 N. W. 629, 631, Mr. Justice Olsen stated the applicable rule as follows:

"Where after a verbal agreement one of the parties undertakes to prepare the written contract and presents it to the other for

signature, the presentation of the written instrument for signature is a representation that it is the same in effect as their verbal agreement."

Defendant urges that plaintiff was negligent in signing the release; that he should have ascertained its contents before he signed. Defendant, having made a representation as to the contents of the instrument to induce plaintiff to sign it, cannot assert that he was negligent in relying thereon. 3 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3822; Christianson v. C. St. P. M. & O. Ry. Co., Schus v. Powers-Simpson Co., and Sundvall v. Interstate Iron Co., *supra;* Erickson v. Northwest Paper Co. 95 Minn. 356, 104 N. W. 291; Winter v. G. N. Ry. Co. 118 Minn. 487, 136 N. W. 1089; Eggleston v. Advance Thresher Co. 96 Minn. 241, 104 N. W. 891; Phillips Petroleum Co. v. Roth, 186 Minn. 173, 242 N. W. 629; Greear v. Paust, 192 Minn. 287, 256 N. W. 190. In McCarty v. New York L. Ins. Co. 74 Minn. 530, 77 N. W. 426, an action was brought to rescind an insurance policy because of certain fraudulent representations of the insurer's agent who took the application for the policy. It was contended that the insured was negligent in relying upon the representations of the agent without examining the application and the policy. Mr. Justice Mitchell said, 74 Minn. 530, at page 536, 77 N. W. 426, 428:

"If there is anything well settled by the decisions of this and other courts, it is that, as between the original parties to a contract, one who has intentionally deceived the other to his prejudice is not to be heard to say, in defense of the charge of fraud, that the innocent party ought not to have trusted him. It does not lie in the mouth of the party guilty of making false representations to say to the other party, 'You were a fool, or negligent, in believing and relying upon my statements.'"

Lord Chancellor Chelmsford, answering a similar defense, used substantially the same language in Central Ry. Co. of Venezuela v. Kisch [1867] L. R. 2 H. L. 99, 120, Law Times Reports, 16 N. S. 500, 503.

Defendant further insists that its failure to read and explain the release to plaintiff is no excuse for his failure to ascertain its contents before signing. Defendant's testimony shows that it undertook to explain the release to plaintiff through an interpreter. It knew that he was an illiterate person and did not know the contents of the instrument he was about to sign. It therefore assumed the duty of advising him. It was its duty under the circumstances fully and clearly to inform him as to the contents of the instrument so that he might be advised in the premises. In G. N. Ry. Co. v. Kasischke (C. C. A.) 104 F. 440, a case like the one at bar, the court said, at pages 445-446:

"It was clearly the duty of the master mechanic, when he was informed that the plaintiff could not read or write English, and that he relied upon him for an explanation of the contents of the paper, to explain its purport and the object of asking him to sign it, and to do so fully, in language which the plaintiff could comprehend. * * * We think, however, that the plaintiff had a right to rely upon Nolan for an explanation of the meaning and effect of the paper, inasmuch as he assumed the duty of interpreting and explaining it, and that the plaintiff was not bound to seek other advice on the subject."

See Burik v. Dundee Woolen Co. 66 N. J. L. 420, 49 A. 442.

In undertaking to inform plaintiff as to the contents of the release, defendant procured an interpreter to explain the instrument to him. The interpreter, however, did not speak the same language as the plaintiff, the former being a Croatian and the latter a Dalmatian. It is not shown that plaintiff did understand that he was in fact signing a release of his entire cause of action rather than an instrument for the receipt of his lost wages. Interpreting is a "vital matter." Sundvall v. Interstate Iron Co. 104 Minn. 499, 116 N. W. 1118. It was for the jury to say whether or not the interpreter had correctly informed plaintiff as to the contents of the instrument. Sundvall v. Interstate Iron Co., *supra;* Van Metre v. Nunn, 116 Minn. 444, 133 N. W. 1012; Burik v. Dundee Woolen Co. 66 N. J. L. 420, 49 A. 442; Savage v. C. & J. Ry. Co. 142 Ill. App. 342.

374

The second release was the return-to-work release signed October 21, 1935. Plaintiff's testimony is that the contents of the instrument were entirely misrepresented to him, it being stated that it was to show that he had returned to work; actually, it was a release. The misrepresentation of the character of the instrument renders the release unenforceable. Sobieski v. St. P. & D. R. Co., Christianson v. C. St. P. M. & O. Ry. Co., Schus v. Powers-Simpson Co., and other cases, cited *supra*.

Defendant relies upon Yocum v. C. R. I. & P. Ry. Co. 189 Minn. 397, 249 N. W. 672. That case is not in point because it there appeared that plaintiff knew the contents of the release when he signed it and he so certified in his own writing. Plaintiff in the case at bar did not know the contents of the release and had to rely upon others for information as to its contents. C. St. P. M. & O. Ry. Co. v. Belliwith (C. C. A.) 83 F. 437, is cited for the proposition that a plaintiff will not be heard to say that he did not read a release even if illiterate, and that, in any event, it is his duty either to read the release or have it read to him. That a party to a written instrument will not be heard to say that he did not know what he was signing is ordinarily the rule; 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 1735; 6 R. C. L. p. 624, § 43, but it does not apply where one has been induced to sign the instrument by the fraud of the other party. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 3832, and cases *supra;* 6 R. C. L. p. 632, § 51, notes 13 and 14. The Yocum and Belliwith cases were correct because in them there was no fraud. Here the evidence justifies a finding of fraud. The rule of those cases does not apply.

On the whole, the jury was justified in believing that defendant's agent, by a carefully worked out plan, inveigled plaintiff into signing a release under the guise of paying his wages up to the time that the release was given, and that it was his purpose to have plaintiff return to work and, if possible, place him in a position where he could not bring an action for the personal injuries.

■ Error is assigned that the court below instructed the jury that the plaintiff's claim was that defendant's agent "said or led"

him to believe that the document did not purport to release his entire claim for damages. If plaintiff's version is true, he was led to sign both releases in the belief that they were not releases at all, but were instruments of a different character. In the charge, the jury were specifically told that they were the exclusive judges of the facts and to decide them "from the evidence that has been produced here in court." The language in the alternative clearly left it to the jury to determine what the evidence was and to decide accordingly. We have examined the charge as a whole and find that it is an impartial, clear, and correct presentation to the jury of the law of the case. That is all that is required. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 9781.

■ It is urged that there was error in excluding defendant's exhibit No. 23, a copy of a letter from the general claim agent to the Duluth claim agent authorizing the Duluth agent to secure a release of the claim on the basis of one-half time lost, when offered by defendant on redirect examination of the Duluth agent. On cross-examination the witness had been asked whether he had authority from the general agent and whether he had correspondence to that effect, and both questions were answered in the affirmative. The letter contained self-serving declarations, among others, that defendant was not liable in this case and that plaintiff would change his story in the event of litigation. This was hearsay and inadmissible. 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 3286-3287a. No further inquiry was made as to the contents of the correspondence, and no inference was left that the correspondence contained any certain statement or statements. There was therefore no basis for the admission of the letter, and it was immaterial. 70 C. J. p. 713, § 864; State v. Brodt, 150 Minn. 431, 435, 185 N. W. 645.

Affirmed.

Mr. Chief Justice Gallagher, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

Mr. Justice Loring took no part in the consideration or decision of this case.