LOGAN M. BULLITT *vs.* FRANK W. FARRAR.

November 6, 1889.

**Action for Deceit—Representation of Knowledge.**—If one makes an untrue representation as of his own knowledge, not knowing whether it is true or false, it is a fraud.   An unqualified affirmation amounts to an affirmation as of one's own knowledge.

**Same—Intent to Deceive, when Presumed.**—A charge of fraudulent intent in an action for deceit may be maintained by proof of a statement made as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge, and in such cases it is not necessary to make proof of an actual intent to deceive.

Same—Affirmation without Knowledge.—It is immaterial whether such statements are made innocently or knowingly. It is as fraudulent to affirm the existence of a fact about which one is in entire ignorance as it is to affirm what is false, knowing it to be so.

Plaintiff brought this action in the district court for Ramsey county, to recover damages for alleged fraudulent representations made by defendant on November 4, 1886, when selling (as agent for the owner) lot 11, block 2, in Haldeman's addition to St. Paul. The sale was made at defendant's office in that city, and the representation alleged in the complaint was "that said lot was not more than five or six, and certainly not over seven feet below the grade of Goodrich avenue, in the city of St. Paul, in front of said lot, and was above the grade of said avenue in the rear of said lot," and the complaint alleges that in fact the lot was "more than seven feet below the level of Goodrich avenue in front, to wit 19 and 6-10 feet below the grade of said avenue, and that said lot is not above grade in the rear, but is and was at the highest point in the rear 5 and 2-10 feet below the grade of said avenue." The making of the representation was put in issue by the answer, and, at the trial, before *Kelly*, J., was the subject of conflicting testimony. It appeared from the evidence introduced by plaintiff that the grade of Goodrich avenue through Haldeman's addition was established in April, 1886, and the work of grading it was about completed on November 1, 1886, and that the lot was below grade to the extent stated in the complaint. The defendant, when called as a witness in his own behalf, testified that he told plaintiff that the lot "lay below grade; how much I did not know," and his counsel offered to prove that at the time of the sale "the defendant did not know what the depth of this lot was below the grade, either in front or rear." On plaintiff's objection this was excluded as immaterial, the defendant excepting. The defendant's request for instruction, which was refused, is stated in the opinion. The plaintiff had a verdict of $425, and appeals from an order granting a new trial.

*Rogers, Hadley & Selmes*, for appellant.

*Henry C. James*, for respondent.

COLLINS, J. Action to recover damages for deceit in the sale of a city lot. As claimed by plaintiff, the deceit consisted in false and

fraudulent statements and representations made by the defendant—who made the sale as the agent or broker of another person—as to the grade of the lot. The plaintiff obtained a verdict, and his appeal is from an order granting defendant's motion for a new trial. There is nothing in the record tending to indicate that the court below did not consider each of the grounds urged in defendant's motion, viz., that the verdict was not justified by the evidence, and that error in law occurred upon the trial, which was duly excepted to; but it seems evident that a new trial was granted because the court was of the opinion that it had erred in refusing to charge the jury, upon defendant's request, as follows: "*First.* In order to entitle the plaintiff to recover in this action you must find that the defendant made to the plaintiff the representations alleged in the complaint, and that at the time of making such representations the defendant knew they were false, or, having no knowledge of their truth or falsity, he did not believe them to be true, or that, having no knowledge of their truth or falsity, he yet represented them to be true of his own knowledge."

It will be seen, upon an examination of *Humphrey* v. *Merriam*, 32 Minn. 197, (20 N. W. Rep. 138,) that the principal portion of this request was taken bodily from the opinion in that case, which, on the facts, was wholly different from the one at bar. There the deceit consisted, as claimed by plaintiff, in false and fraudulent representations made by defendant's agent, making the sale of mining stock, as to the value, condition, and productiveness of a mine, and as to the company's indebtedness. From the plaintiff's own showing, the agent had never been at the mine, and hence had no personal knowledge of its character or condition, but made his statements from reports received and information derived from others; all of which was known by the plaintiff. The testimony, in the judgment of the court, entirely failed to show that this agent knew the representations to be false, or that he did not honestly believe them to be true, or that he misstated the extent or sources of his information. Under such a showing it was held that the plaintiff could not recover. Here, however, according to the allegations of the complaint, the deceit consisted of positive and unqualified statements made by the defend-

ant, amounting almost to a warranty, that the lot in question was not more than seven feet below street grade in front, and was above said grade in the rear; and the plaintiff's proofs tended to support the unequivocal allegation of his complaint on this point. So far as the rules of law laid down in *Humphrey* v. *Merriam* were pertinent to the facts then in hand, they were correctly stated, but the one bearing upon the case now before us may appear somewhat narrow and misleading when applied to other and different circumstances. As was said, the intent to deceive must exist, and must be proved, in every case. If it is absent, there can be no fraud. In this case the defendant claims that he had no knowledge of the facts, and there was no testimony indicating that he had. Therefore he did not know *his statements, assuming them to have been made as contended by plaintiff, to be false;* nor was it shown that he did not believe them to be true, save as this might be inferred from the fact that he seems to have had no knowledge upon the subject. But, under the circumstances of this case, and from the plaintiff's testimony as to what was said by defendant when plaintiff bought the lot, which is considered by us as a positive and unequivocal assertion in regard to the grade made as of the defendant's own knowledge, the request to charge, rejected by the court, which included the proposition that, having no knowledge of the truth or falsity of the alleged statements, a recovery could not be had unless the defendant represented the statements to be true of his own knowledge, might, if given, have misled the jury. It might have been understood as prohibiting a recovery unless it appeared that defendant had unqualifiedly declared himself possessed of knowledge,—had asserted in so many words that he knew his statements to be the truth. Positive assertion of knowledge is not required. If a man makes an untrue representation of a material fact *as* of his own knowledge, not knowing whether it be true or false, it is a fraud. The falsehood is intentional. And an unqualified affirmation amounts to an affirmation as of one's own knowledge. *Stone* v. *Denny,* 4 Met. 151; *Wilder* v. *De Cou,* 18 Minn. 421, (470.) The fraud is as great as if the party knew his statement to be untrue. It is, in law, a wilful falsehood for a man to assert, as of his own knowledge, a matter of which he has no knowledge. Kerr,

Fraud & M. 54.   A charge of fraudulent intent in an action for de-ceit may be maintained by proof of a statement, made as of the par-ty's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge; and in such case it is not necessary to make proof of an actual intent to deceive.  · *Chatham Furnace Co.* v. *Moffat*, 147 Mass. 403, (18 N. E. Rep. 168,) and cases cited.   If the false representations are made as of one's own knowledge, or unqualifiedly, being such as might and did mislead, they are unjustifiable and fraudu-lent.   *Merriam* v. *Pine City Lumber Co.*, 23 Minn. 314.   As the language used in the request might have been construed by the jury as confining them to a consideration of statements whereby the de-fendant expressly represented that he knew the grade of the lot, (of which there was no testimony,) and eliminated all consideration of affirmations wherein the defendant, without asserting actual knowl-edge in express terms, assumed to have it and to speak from it, or intended to and did convey the impression that he had actual knowl-edge of the truth, though conscious that he had not, the court was right in declining so to instruct the jury.

Although the general charge might have been more explicit and exact, it fairly covered the law applicable to the testimony, and no part of it was erroneous.   Among other matters, the court said, the defendant excepting, that if the jury found from the evidence that the statements and representations complained of were made as claimed by plaintiff,—that is, if they were positive and unequivocal assertions as to the grade of the lot,—it made no difference whether the defendant knew the real facts or not.  This was correct.   Whether the representations were made innocently or knowingly they would equally operate as a fraud upon the plaintiff, provided they were made unqualifiedly, or as of defendant's own knowledge.   *Merriam* v. *Pine City Lumber Co., supra.*   It is fraudulent to affirm what is false, knowing it to be false.   It is equally as fraudulent to affirm what is false, knowing that the affirmation is of the existence of a fact about which one is in entire ignorance.  *Wilder* v. *De Cou, supra.*

The remaining assignments of error need no special mention.

Order reversed.