### C. A. LUND and another *vs.* N. T. DAVIES.

#### November 2, 1891.

**Overpayment by Deceit and Mistake—Action to Recover.**—Evidence *held* sufficient to show a right to recover as for an overpayment of a debt, induced by deceit and mistake of fact.

Appeal by defendant from a judgment of the district court for Freeborn county, *Farmer*, J., presiding, affirming a justice's judgment of $26.59, from which defendant had appealed on questions of law alone.

*Quinn & Putnam*, for appellant.

*John Anderson*, for respondents.

DICKINSON, J.   While the evidence as returned, upon which the plaintiffs recovered judgment in a justice's court, was meagre, it was sufficient to justify the conclusion that the defendant came to the plaintiff C. A. Lund, (who is the husband of the other plaintiff,) in company with the deputy sheriff, to collect or enforce a judgment which had been recovered against Lund, concerning the amount of which Lund was ignorant; that the defendant falsely and fraudulently represented that the judgment amounted to about $100, but that he would "settle it" for $85, while in fact the judgment was much less than the last-named sum; that the plaintiff was thereby induced to give his notes, in which his wife also joined, for $85; and that the same were afterwards paid to a third party, in whose hands

the notes were found. The only doubt as to the sufficiency of the evidence to sustain the recovery of the difference between the amounts of the judgment and of the notes given in payment arises from the fact that the plaintiff, when asked whether he believed the representation of the defendant as to the amount of the judgment, testified, "I could not believe him, for I did not know." In view of the whole testimony setting forth the transaction above referred to, it is not clear what was meant by this answer. The whole case justifies the conclusion that the plaintiff was misled by the false representation. The recovery of $14 was justified, not only on the ground of a fraudulent deception, but as well on the ground that it was an overpayment by mistake of fact. The other points made do not merit particular mention.

Judgment affirmed.