P. R. BRAITHWAIT v. JOHN BAIN.[1]

November 25, 1896.

Nos. 10,420—(218).

**Promissory Note — Payment to Unauthorized Agent — Bequest to Maker—Recovery.**

Plaintiff, the maker of a promissory note, paid it before it was due to defendant, who held it for the payee, and on whose representation that he had authority from the payee to receive such payment plaintiff relied. The defendant then delivered the note to plaintiff, who destroyed it. The payee had already, by her will, bequeathed the note to plaintiff; and, a few days after such payment, she died. She never authorized such payment, or ratified the same, and never received the money. Defendant was appointed her administrator, and paid the money to himself as such administrator. Plaintiff demanded a return of the money. *Held,* he is entitled to recover it back.

Appeal by plaintiff from an order of the district court for Winona county, Gould, J., denying a motion for a new trial. Reversed.

*Brown & Abbott,* for appellant.

*Wm. H. Yale* and *A. H. Snow,* for respondent.

CANTY, J. The court below, on the trial, dismissed the action on the pleadings, and, from an order denying a new trial, plaintiff appeals.

The complaint alleges that on June 1, 1894, plaintiff made his promissory note to one Ann Braithwait, whereby he agreed to pay to her the sum of $332.67, one year from that date, with interest; that the note was delivered by him to defendant, Bain, who had authority from her to receive the note for her, but never had authority from her to receive payment of the same; that thereafter plaintiff paid her $50 on the note; that Bain retained the note in his possession as her agent, and thereafter, on September 10, 1894, before the note became due, plaintiff paid the balance owing on the same to Bain, who delivered. the same up to plaintiff; that, at the time of said payment to Bain, he falsely represented to plaintiff that he had authority from Ann Braithwait to receive the money for her, and plaintiff was in-

[1] Reported in 69 N. W. 4.

duced by said representation to pay the money to him; that he received the money in good faith, believing that she would ratify his acts in receiving the same, but that nine days thereafter, on September 19, she died, in ignorance of said payment, and never ratified the same, or received the money from Bain.

It is further alleged that in October, 1893, prior to her death, she made her last will and testament, by which she bequeathed to plaintiff all promissory notes, claims, demands, and obligations which she should hold against him at the time of her death; that she died, leaving said will unrevoked; that Bain was appointed administrator of her estate by the probate court, and paid the money to himself as such administrator; and that plaintiff demanded the money from him, both before he was so appointed administrator and after he so paid it to himself as such administrator. The defendant, in his answer, alleges that he had authority from her to receive the money. The answer further alleges, and the reply admits, that, when plaintiff received the note from Bain, he destroyed it.

The suit is against defendant personally, and against him as administrator. We are of the opinion that the complaint states a cause of action, and that the court erred in dismissing the case.

Respondent urges that, for all that appears, the money due on this note may have been needed to pay the debts of the deceased, as such debts must be paid before the legatees under the will. If, as alleged, defendant had no authority from Ann Braithwait to receive the money, and she never ratified his acts, and plaintiff demanded a return of the money, we are of the opinion that he is entitled to it. It may be that, if the money due on the note is needed to pay creditors, the defendant could, by alleging this fact in proper form, have maintained a counteraction on the note. But this we need not decide. He has not attempted to set up any such facts or any such counterclaim, and, if he had, it would be no ground for dismissing plaintiff's complaint.

It is further contended by respondent that he, as administrator, had a right to ratify his former acts of receiving the money from plaintiff and delivering up the note, and that he has ratified the same by receiving the money as administrator. We cannot assent to these propositions. The administrator in this case does not represent the testatrix, either in respect to the money or the note. To hold otherwise

would be to hold that he represents her for the purpose of making a new will for her after her death.

It is further urged by respondent that plaintiff cannot recover, because he has not offered to return the note, and cannot return it. We do not deem it necessary to consider this objection, for the reason, as we have seen, that it does not appear that defendant is entitled to the return of the note, or has any special interest in having it restored or returned.

The order appealed from is reversed, and a new trial granted.