## EDWARD A. BENSON v. UNITED STATES INSTALMENT REALTY COMPANY.[1]

February 3, 1911.

Nos. 16,765—(90).

**Joinder of causes of action.**

> Complaint construed, and *held*, that two causes of action are properly united therein; for both are in form ex contractu for money had and received. It is immaterial in such cases that the money was obtained by fraud.

Action in the municipal court of Minneapolis to recover $341.25 for money had and received. The facts are stated in the opinion. From an order, Waite, J., overruling defendant's demurrer to the amended complaint, it appealed. Affirmed.

*John A. Larimore,* for appellant.

*Dougherty & Edwards,* for respondent.

Start, C. J.

Appeal from an order of the municipal court of the city of Minneapolis overruling the defendant's demurrer to the amended complaint on the ground that two distinct causes of action are improperly united therein. The defendant urges in support of its demurrer that the first alleged cause of action is either one for deceit or for equitable rescission on the ground of fraud, and the second one is upon contract.

The second one is concededly one on contract. As to it the complaint alleges that between March, 1904, and July, 1906, the defendant had and received money aggregating $341.25, which belonged to the plaintiff, and which it then promised to pay him, but no part thereof has been paid. This is substantially a count for money had and received, which can be maintained whenever one party has received or obtained possession of the money of another

[1] Reported in 129 N. W. 594.

which in equity he. ought to pay over. It is immaterial in such a case that he obtained it by fraud. Lund v. Davies, 47 Minn. 290, 50 N. W. 79.

The allegations of the complaint as to the first cause of action, so far as here material, are to the effect that, on March 26, 1904, the defendant represented to the plaintiff that, if he would sign an application for a policy in defendant company, it would issue a policy to him, and if he would pay to it $15 cash and $11.25 each month, until $3,600 was paid, it would further, within eighteen months and not to exceed twenty-four months from such date, loan him $3,000, and the $3,600, when so paid, would be in full payment, including interest; that if the loan was not made within twenty-four months from such date the defendant would repay to him all money paid by him to it, with interest; that the plaintiff relied upon the representations, and, induced thereby, then agreed to sign an application for the policy and to make such payments, to which the defendant agreed; that thereupon the defendant presented a paper to him to sign, and stated to him that it contained the terms of the agreement, and nothing more, and, relying upon such statement, he signed the application without reading it, and in like manner a policy was delivered to and received by him, in the belief that all such papers were in accordance with the representations made; that afterwards in like manner the plaintiff was induced to accept a new policy in exchange for the original, which the defendant represented the same as the original was represented to be, except the monthly payment was to be $12; that the plaintiff made the monthly payments for twenty-four months, which aggregated $341.25, without any notice or knowledge that the policy and papers were not in accordance with the original representations; that after making the last payment he learned for the first time that the representations were false and fraudulent, and that the policies he was so induced to accept did not embody the agreement of the parties, and were in fact a fraud upon him, stating the facts; and, further, that upon learning such facts he repudiated the policy and returned it to the defendant, and demanded the repayment of the money so paid to the defendant.

The complaint demands judgment only for $341.25, and it is quite apparent that the complaint states only one cause of action, but in two separate counts. But, this aside, it is quite clear that there is no misjoinder of actions on the face of the complaint. The defendant claims that the complaint does not allege that the contract was made as represented. It alleges that the representations as to the terms of the contract were made, that the plaintiff relied upon them, and that the defendant agreed to such terms. Again it is distinctly alleged that the plaintiff parted with his money in reliance upon the representations of the defendant that the terms of the policy were the same as those represented and agreed upon. Such being the case, the plaintiff had the right, if he so elected, upon the discovery of the falsity of the representations, to rescind, return the policy, and demand the money so paid. In its last analysis the first cause of action alleged is in form ex contractu for money had and received, in which the means used by the defendant to secure the plaintiff's money is alleged.

Order affirmed.

JAGGARD, J., took no part.