## H. A. MILLER v. MINNIE L. BRICKER and Others.[1]

May 10, 1912.

Nos. 17,490—(46).

**False representations — evidence.**

In an action for damages resulting from false and fraudulent representations concerning the title to real property, it is *held* that the evidence supports the verdict, and that no reversible errors were committed upon the trial.

Action in the district court for Anoka county against Minnie L. Bricker, E. J. Bricker and Rudolph Babler to recover $4,500 damages for alleged fraudulent representations regarding the title to cer-

1 Reported in 136 N. W. 14.

tain lands. The answer alleged that on or about December 26, 1908, plaintiff, in order to induce defendant Minnie L. Bricker to purchase the hotel property and livery barn mentioned in the complaint, falsely represented that his interest in said property, real or personal, was worth the sum of $5,000; that the property was profitable and productive and bringing in a large income, when in fact it was not paying running expenses; that he misrepresented the amount of personal property he was selling to defendant and the amount of indebtedness standing against it; that relying upon his representations defendant was induced to enter into a contract with him to her damage in the sum of $4,500. The reply was a general denial. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $2,600. From an order denying defendant Babler's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*C. C. Joslyn* and *E. W. Richter,* for appellant.
*Will A. Blanchard,* for respondent.

BROWN, J.

Action for damages for fraudulent representations concerning the title to certain real property, in which plaintiff had a verdict, and defendant Babler appealed from an order denying his alternative motion for judgment or a new trial.

The facts in brief are as follows: Plaintiff was in possession of certain real property in the city of Anoka, known as the "Blanchett Hotel," under an executory contract for the purchase of the same. Defendant Babler, a real estate dealer doing business in Minneapolis, held the fee title to the property, subject to plaintiff's contract of purchase. Plaintiff was in default in some of the payments required by the contract. Defendant Babler introduced to plaintiff the subject of a trade of the property for land in North Dakota, representing that he had a client who owned a half section in Dunn county, that state, subject to an indebtedness of $900, and thought that he could effect an exchange. Plaintiff requested that the client be brought in and they would talk the matter over.

·Babler subsequently presented defendant E. J. Bricker, and after some negotiations an agreement for an exchange was effected. At this interview both Babler and Bricker represented that defendant Minnie L. Bricker, wife of defendant E. J. Bricker, owned the North Dakota land. Plaintiff's equity in the hotel property was valued at $4,500, and an exchange of the land, subject to the incumbrance of $900, for the hotel, was finally agreed upon. Plaintiff, his wife joining, executed a written assignment of his contract of purchase, the name of the assignee being left in blank, in which the name of defendant Babler was inserted, within two or three hours after its execution, by authority of defendant Bricker. A written contract for the sale of the North Dakota land was then prepared, in and by the terms of which Mrs. Bricker contracted and agreed to convey the land to plaintiff, upon payment of the purchase price as therein stated, namely, $4,500, "at or before the execution of this contract," and $1,600 in deferred payments. The payment of the $4,500 was represented by the assignment of plaintiff's contract for the hotel property. Mrs. Bricker was not present at the time the negotiations were in progress, or when the contract just mentioned was prepared, and it was signed in her name by her husband, as her attorney in fact; Babler and the husband representing that she had given him such authority. By the execution of these documents the transaction was closed, the papers delivered, and possession of the hotel surrendered to defendant Babler, who placed his brother in charge of the same. Another transaction at the same time relative to the hotel fixtures, and some other articles of personal property, had no particular connection with this exchange of properties, and we pass it without further mention.

The sole consideration for plaintiff's assignment of his rights in the hotel ·property was the agreement to convey to him the Dakota land, and he was induced to part with it upon the representations of defendants that Mrs. Bricker owned the same.· As·a matter of fact Mrs. Bricker had no title, right, or interest in the land at the time, nor, so far as disclosed by the record, has she possessed any such title or interest since that time. Some time prior to this transaction

Mrs. Bricker had a contract for the purchase of the land, but she had previously assigned it to another. Before the commencement of this action plaintiff tendered to defendants the full amount of the deferred payments provided for by the contract given him in exchange for the hotel property, and both Babler and Bricker stated to him that they were unable to perform the same, presumably because Mrs. Bricker, the vendor, had no interest in the land to convey. Thereupon plaintiff brought this action for the alleged fraud practiced upon him.

It is contended by appellant: (1) That the evidence wholly fails to establish a cause of action, and that the court below erred in denying his motion for judgment notwithstanding the verdict; and (2) that the court erred in denying the motion for a new trial for errors occurring on the trial and other grounds.

1. A careful consideration of the record leads to the conclusion that all questions presented by the pleadings were properly submitted to the jury and that the evidence fully sustains the verdict. The jury was justified in finding that the transaction, as the result of which plaintiff parted with his hotel property in consideration of the contract from Mrs. Bricker to convey to him the North Dakota land, in which she had no interest at the time, was in the interest of defendant Babler, and that the benefits resulting therefrom all accrued to him. He induced and brought about the contract of exchange by his representations that he had a client who owned the North Dakota land, and he procured that client to contract to convey the same to plaintiff, when he knew, or ought to have known, that the client had no title to convey.

We will not stop to consider just what a representation of ownership of real property implies or amounts to, whether as a matter of law it should be treated as an assertion of fee title, or of some other interest; for it is clear that one to whom such a representation is made may properly rely thereon as an assertion of at least a conveyable or assignable interest, an interest not shown in Mrs. Bricker. We therefore pass this branch of appellant's argument.

Nor can appellant claim immunity or exemption from the effect of his representations on the ground of ignorance of the state of the title, for his representation of ownership in Mrs. Bricker was one of fact, and he was bound to know the truth before inducing plaintiff to part with his property. Riggs v. Thorpe, 67 Minn. 219, 69 N. W. 891; Haven v. Neal, 43 Minn. 315, 45 N. W. 612.

That the representation was shown to be untrue cannot well be disputed. Defendant offered no evidence whatever that Mrs. Bricker was the owner of the land, and it was sufficiently shown that she was not. At least the jury was justified, from the evidence presented, together with the statement of defendants when the balance due upon the purchase price was tendered to them, that they were unable to perform the contract, in concluding that their inability to perform was because of the fact, nothing being shown to the contrary, that Mrs. Bricker had no title or interest to convey. Much that is said in the brief of appellant upon this branch of the case has reference to the contention that some of the evidence offered for the purpose of showing the facts stated was incompetent and for various reasons inadmissible, and therefore that there was no evidence to support the verdict. We find no merit in this claim. The evidence offered was the best at hand, the land being in another state, was properly admitted, and sufficient to establish plaintiff's cause of action.

2. We have fully considered the assignments of error challenging certain rulings of the trial court and here made the basis of the contention that a new trial should be granted, and discover no sufficient reason for disapproving the order appealed from. It is probable that some of the evidence objected to, particularly that having reference to the contemporaneous transfer by plaintiff of certain articles of hotel furniture and fixtures, was irrelevant and immaterial; but it was clearly without prejudice to the substantial rights of appellant, and therefore no ground for a new trial. But we deem it unnecessary separately to consider all the alleged errors in the admission and exclusion of evidence. Many of the objections made and overruled were technical and without substance, and others were not of a character to justify a reversal.

Some of the instruments evidencing the transaction were perhaps not executed in strict conformity with the law. But that fact in the particular case was no ground for their exclusion from the evidence. Whatever their form or manner of execution, they were the basis and means by which defendants acquired plaintiff's property, and it does not lie with them to say that, because they obtained that property in exchange for defectively executed contracts, they are not liable. The fact remains that defendants received a valid transfer of plaintiff's property, and he received nothing in return therefor. The damages awarded were within the evidence and not excessive.

Order affirmed.

HOLT, J., having tried the case below, took no part.