# JOSEPH SCHLECHTER v. MINNA FELTON.[1]

## July 21, 1916.

## Nos. 19,783—(183).

**Fraud — false representation of material fact — maker estopped.**

Where a person makés a false representation of a material fact, susceptible of knowledge and relating to a matter in which he has an interest, and as to which he may be expected to have knowledge, and makes such statement unqualifiedly and as of his own knowledge, and with intent to induce action, the statement constitutes a legal fraud, and, after it has been acted on by another to his damage, the person making it cannot be heard to say that he honestly believed that the statement he made was true. Such honest belief is not a defense to an action for fraud.

Action in the district court for Douglas county against the executrix of the last will and testament of Johan Felton, deceased, to recover $1,000 for false representation. The case was tried before Roeser, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed and new trial granted.

*Constant Larson,* for appellant.
*J. D. Sullivan,* for respondent.

HALLAM, J.

Plaintiff bought a small tract of land from John Felton. Felton later died. Defendant is executrix of his will. Plaintiff claims that Felton misrepresented to him the number of acres in the tract, and brought

[1]Reported in 158 N. W. 813.

---

Note.—On statements made without knowledge of falsity as ground for action for fraud, see note in 18 L.R.A.(N.S.) 379.

For some American views of the case of Derry v. Peek, see note in 49 L.R.A.(N.S.) 1219.

this action in deceit against the executrix to recover damages. It is conceded no recovery could be had in an action against an executrix in the district court on the ground of mutual mistake, or on any other theory than that of tort or fraud. The jury found for defendant and plaintiff appeals. The only errors assigned relate to the court's instructions to the jury.

The court instructed the jury as follows:

"If there were no representations, or if the representations were honestly made and there was a breach of the representations * * * there would be a different action than this action is * * *. The action that we have before us, remember, has for its basis a fraudulent transaction, fraudulent and false representations," and, further, "If you should find that he was well justified in making the statements and that he honestly believed them true * * * then it would not be a fraud action."

✓ This presents squarely the question whether, in an action based on false representations, honest belief of the defendant in the truth of his representations is a good defense. The question is one on which the decisions are not in harmony. Some hold that since the action is in fraud it cannot be maintained unless there is moral turpitude. On the other hand, many authorities hold that false representation of a material fact, suceptible of knowledge, made by one as of his own knowledge, is a fraud even though the defendant believed it to be true. Lord Blackburn stated this position well when he said: "If, when a man thinks it is highly probable that a thing exists, he chooses to say he knows the things exists, that is really asserting what is false—it is positive fraud." Brownlie v. Campbell, L. R. 5 App. Cas. 925, 953.

We do not regard the question as an open one in this state. In Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360, Justice Berry stated the essentials of actionable fraud tersely as follows:

"An action for deceit lies against one who makes a false representation of a material fact susceptible of knowledge, knowing it to be false, or of his own knowledge when he does not know whether it is true or false, with intention to induce the person to whom it is made, in reliance upon it, to do or refrain from doing something to his pecuniary hurt, when such person, acting with reasonable prudence, is thereby deceived and induced to do so or refrain, to his damage."

This statement is perhaps not specific enough to fully cover this case. We think, however, that the court in Bullitt v. Farrar, 42 Minn. 8, 12, 43 N. W. 566, 568, 6 L.R.A. 149, 18 Am. St. 485, quite committed itself to the proposition that honest belief in the truth of statements made is not a defense, when it said: "Whether the representations were made innocently or knowingly they would equally operate as a fraud upon the plaintiff, provided they were made unqualifiedly, or as of defendant's own knowledge."

If there can be any doubt as to the meaning of that language, there can be none as to the language of the court in Freeman v. F. P. Harbaugh Co. 114 Minn. 283, 286, 130 N. W. 1110, 1112, when it was said of the statements of defendant's representative Lee "that Lee *supposed he was stating the facts,* or had no actual knowledge on the subject, does not excuse him or his principal from the result, if the plaintiff relied on his representation. * * * An unqualified affirmation amounts to an affirmation as of one's own knowledge." See also Miller v. Bricker, 117 Minn. 394, 136 N. W. 14.

Drake v. Fairmont Drain Tile & Brick Co. 129 Minn. 145, 151 N. W. 914, and Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, are in accord, but they all involve the equitable right of rescission, and not the legal right to damages. The statement in O'Brien v. American Bridge Co. 110 Minn. 364, 377, 125 N. W. 1012, 32 L.R.A. (N.S.) 980, 136 Am. St. 503, on the authority of the English cases, which will be presently referred to, was only dictum.

While intent to deceive is always said to be an essential element of fraud, it was said in Bullitt v. Farrar, supra, that "A charge of fraudulent intent in an action for deceit may be maintained by proof of a statement, made as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge, and in such case it is not necessary to make proof of an actual intent to deceive."

The rule as stated in the foregoing decisions is supported by creditable authority elsewhere. 20 Cyc. 27; Hindman v. First Nat. Bank, 112 Fed. 931, 50 C. C. A. 623, 57 L. R. A. 108; Prestwood v. Carlton, 162 Ala. 327, 333, 50 South. 254; Board of Water Comm'rs v. Robbins, 82 Conn. 623, 74 Atl. 938; Watson v. Jones, 41 Fla. 241, 25 South. 678;

Kirkpatrick v. Reeves, 121 Ind. 280, 22 N. E. 139; Litchfield v. Hutchinson, 117 Mass. 195; Chatham Furnace Co. v. Moffatt, 147 Mass. 403, 18 N. E. 168, 9 Am. St. 727; Huntress v. Blodgett, 206 Mass. 318, 92 N. E. 427; Braley v. Powers, 92 Me. 203, 209, 43 Atl. 362; Hadcock v. Osmer, 153 N. Y. 604, 47 N. E. 923; Houston v. Thornton, 122 N. C. 365, 373, 29 S. E. 827, 65 Am. St. 699; Bird v. Kleiner, 41 Wis. 134; Davis v. Nuzum, 72 Wis. 439, 40 N. W. 497, 1 L.R.A. 774. See article by Professor Williston in 24 Harvard Law Rev. 415, 427. Mr. Bigelow puts it thus: "Indeed where a person makes a statement in terms of his 'own knowledge' or the equivalent, he cannot escape liability, it seems, if it turn out·to be false, by saying that his statement was made upon trustworthy information." Bigelow, Law of Fraud, p. 514. The principle as stated by Judge Cooley is, that since the fraud consists of reckless assertions, "even the actual belief of the party in the truth of what he asserts is immaterial." 2 Cooley, Torts, (3d ed.) *585.

The cases which hold otherwise rest back upon the authority of Derry v. Peek, L. R. 14 App. Cas. 337. In that case it was held that an action for negligent misrepresentation cannot be maintained, that a reckless statement may be evidence of fraud, but that it is only when the circumstances indicate such recklessness or negligent disregard for the truth as to be incompatible with the idea of honesty that the action for fraud may be maintained.

Lord Esher, in discussing the same subject in Le Lievre v. Gould, [1893] 1 Q. B. 491, 498, said that a charge of fraud cannot be maintained against a man, unless it is shown that he had "a wicked mind." Recognizing that fraud may be predicated on reckless statements, Lord Bowen said that in such case "his mind is wicked, not because he is negligent, but because he is dishonest in not caring about the truth of his statement."

Lindley, L. J., in Angus v. Clifford [1891], 2 Ch. 449, 469, further said: "It is not sufficient that there is blundering carelessness, however gross, unless there is wilful recklessness, by which I mean wilfully shutting one's eyes, which is of course fraud."

It will be seen that after all the principal difference between the rule of the English cases and the rule as stated by Cooley, Bigelow and Lord Blackburn is that the making of the false statement which the speaker

believes to be true, but the truth of which he has not sufficiently veri-
fied, is in the one case merely evidence of fraud, while in the other it
is the fraud itself.

We are satisfied with the rule followed by the Minnesota cases and
have no desire to change it. Whether this rule should be applied to cases
where the defendant had no interest in the subject matter of the repre-
sentation and derived no benefit therefrom, it is not necessary here to
decide. What we do decide is that, where defendant has made a false
representation of a material fact, susceptible of knowledge and relating
to a matter in which he has an interest, and as to which he may be ex-
pected to have knowledge, and makes such statement unqualifiedly and
as of his own knowledge, and with intent to induce action, he cannot be
heard to say, after the statement has been acted upon by the plaintiff
to his damage, that he honestly believed that the statement he made was
true.

The rule seems to us consonant with practical justice. It does the de-
fendant no injustice. If his information is not absolute, neither should
his statement be. He can always protect himself by stating what *is* true,
that is, that he has only a belief, or by stating the source of his inform-
ation. He should not be allowed to hold what he has gained from the
plaintiff by his own untrue assertion of fact. From the standpoint of
the plaintiff it is hard to see why he should himself suffer the loss which
the defendant has caused him, and by which the defendant has profited,
simply because the defendant had a belief formed in reliance on sources
of information which were not reliable. The wrong is none the less be-
cause the motive was not corrupt. The wrong is not, at least in such a
case as this, breach of contract. It is tort. The name is not important.
For want of a better name we call it fraud.

Some parts of the court's charge are not inconsistent with this rule.
We have examined the charge with much care to see if, taken as a whole,
it could not be sustained. We feel sure it cannot. The thought runs
all through it that honest belief on the part of Felton in the truth of
what he stated is a defense, though the statement was false and damag-
ing. In our view of the law this is not correct and we think the charge
erroneous.

Order reversed and new trial granted.