## CLIFFORD A. BULLOCK v. MICHAEL FERCH.[1]

### June 15, 1917.

### Nos. 20,410—(204).

**Exchange of property — dismissal sustained by evidence.**

> The evidence in an action for deceit in the exchange of lands, which the court dismissed at the close of the plaintiff's case, examined and *held* not to show, when the plaintiff rested, actionable fraud nor a legal measure of the loss, if any, sustained by the plaintiff in the transaction.

Action in the district court for Big Stone county to recover $6,097.85, the value of certain real estate, less encumbrances against the same, and

[1]Reported in 163 N. W. 159.

of certain personal property. The case was tried before Flaherty, J., who at the close of plaintiff's case dismissed the action. From the judgment of dismissal, plaintiff appealed. Affirmed.

*Kaercher & Freerks,* for appellant.

*T. J. McElligott,* for respondent.

DIBELL, C.

Action to recover damages for deceit. At the close of the plaintiff's testimony the action was dismissed on the defendant's motion. Judgment was entered and the plaintiff appeals.

The plaintiff owned a farm in Big Stone county. In October, 1910, he entered into an agreement with the defendant to exchange it for a farm in Chippewa county. The plaintiff's farm was heavily encumbered. The substance of the contract of exchange was that the plaintiff would pay the defendant in instalments for the Chippewa land the amount of the encumbrance on the Big Stone land plus $4,800; in other words, the lands were exchanged on a difference in valuation of $4,800. The plaintiff quitclaimed the Big Stone land to the defendant and the defendant agreed to convey the Chippewa land by warranty deed upon the payment therefor in instalments. The plaintiff seeks to recover the value of his equity in the Big Stone land upon the ground that he was induced to part with it by the fraud of the defendant. His particular claim is that the defendant fraudulently represented that he owned the land in Chippewa county when in fact he did not; that he promised that he would advance him $1,000 so that he might crop the land in 1911 intending at the time not to do so, and that he promised to employ him at $50 per month for six months and discharged him at the expiration of three months.

A false representation of ownership whereby one is induced to part with property may be actionable. Miller v. Bricker, 117 Minn. 394, 136 N. W. 14, is an illustration. That case is quite different in facts and in principle from the one at bar.

The plaintiff does not really claim in his evidence that the defendant represented that he owned the Chippewa land or that he relied upon his ownership of it. He claims that the defendant represented that he owned it with one Hart. When the October contract was being prepared

the plaintiff telephoned to Hart in an effort to get a reduction in price. He knew that Hart was in some way interested in the property and that the defendant was at least not the sole owner. It seems hardly possible that actionable fraud could be predicated upon the claimed representation of ownership, but the necessity of determining the question is obviated by what followed. Later the plaintiff entered into a contract with Hart for the purchase of the Chippewa land. This contract was by its terms to take the place of the contract with the defendant. It was intended that by it the plaintiff would get the Chippewa land through Hart instead of through the defendant, but upon the same consideration, that is, for the transfer of the Big Stone land, already made, and the payment of an amount equal to the encumbrances upon it plus $4,800. Hart was not then the owner of the land, but he had a contract of purchase, or at least some arrangement for purchase. There was no fraud affecting the execution of this contract. The land was under lease and the contract provided that the tenant should remain and that the plaintiff should have the landlord's share of the 1911 crop. This relieved the defendant of all obligation to advance the $1,000 for putting in the 1911 crop. After this no fraud could be urged relative to the $1,000 advance, conceding that there could have been before and that is very doubtful, nor even a breach of contract. Fraud cannot be predicated upon the failure to employ the plaintiff for longer than three months. At the most there was not more than a breach of contract. This was the situation when the order of dismissal, of which complaint is made, was entered. The record disclosed no actionable fraud.

The plaintiff got an apparent right to acquire the Chippewa land by his contract with Hart. He got an actual interest. It was of value. He retained it and made use of it. It is not to be doubted that the plaintiff by performing could have obtained title. He had that legal right. The answer offers to give title upon performance and the title has come to the defendant. If the plaintiff has not parted with his right it is still his. In an action for deceit, with facts such as these, the damages are measured by the difference between what the wronged party gave and what he got. There is no evidence of the value of the Chippewa land. The evidence gives no basis for measuring damages.

As the testimony was when the plaintiff rested there was no actionable fraud shown, nor a legal basis of measuring the plaintiff's loss, if any. The court was right in dismissing the action.

We have examined in detail all the points made by counsel for the plaintiff in their exhaustive brief. Those not mentioned have not been overlooked. What we have said is determinative of the appeal.

Judgment affirmed.