# HELVETIA COPPER COMPANY v. HART-PARR COMPANY.[1]

June 29, 1917.

Nos. 20,367—(170).

**Sale — misrepresentation as to material facts — relief.**

    1. Where a person has been induced to enter into a contract by the unqualified representations of another as to material facts, and by reason of the falsity of the representations suffers injury, he is entitled to relief from the contract, even though the representations were made in good faith and there was no design or purpose to deceive or defraud.

**Compromise and settlement.**

    2. A compromise and settlement of disputed claims constitute a valid consideration for the settlement contract.

Action in the district court for Hennepin county to recover $7,805.55 for false representations in the sale of a tractor engine. The case was tried before Fish, J., who granted defendant's motion for a directed verdict. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*George T. Simpson, H. W. Volk* and *Gordan Cain,* for appellant.
*T. J. Stevenson* and *J. P. Gregg,* for respondent.

BROWN, C. J.

Plaintiff is a corporation organized under the laws of the state of Arizona and there engaged in operating a copper mine upon property owned by it. Defendant is a corporation organized under the laws of the state of Iowa, and engaged in the manufacture and sale of gasolene tractors. On May 4, 1909, defendant sold and delivered to plaintiff one of its tractors, and as a part of the transaction represented to plaintiff that the machine was well made of good material and workmanship; that if properly operated it would develop "rate brake horse power" continuously and easily, and successfully operate a threshing ma-

[1]Reported in 163 N W 665.
137 M—21

chine of the size and capacity usually operated by an ordinary steam traction engine; and for traction work on a firm footing and level ground that it would "pull the same load that can be successfully and continuously pulled week after week by as many ordinary horses as are represented by its tractive rating." The engine was shipped to plaintiff at its place of business in Arizona, and an expert in the employ of defendant assembled and put the various parts together and operated the same in hauling a load of material from the railway station to plaintiff's mine. It did not work well, and plaintiff alleges that it was defective and incapable of being made to operate and was subsequently abandoned. A controversy arose between the parties as to whether the machine complied with the terms of the warranty, and on April 26, 1910, a compromise and settlement of the matter was had, as a result of which an agreement in the following language was entered into, namely:

"April 26, 1910.

"Hart-Parr Co.
     "Charles City Iowa.

"Gentlemen:

"In consideration of your allowance of $803.43, consisting of your check for $493.83, and of credit on our account of $309.60, we hereby agree to accept and hold as our own without further claims on you for repairs, or otherwise, Hart-Parr engine No. 2019, purchased of you May 4, 1909.

"We further agree that no further claims of any nature shall be made upon you on account of purchase of this engine, its failure to do the work for which it was purchased, or otherwise, and hereby relinquish all our rights under warranty given by the Hart-Parr Company at the time of its purchase.

"Yours very truly,
"Helvetia Copper Co.,
"C. C. Prindle, Pres."

The new parts were attached to the engine, but it still failed to work, and plaintiff brought this action for damages resulting from the breach of the original warranty, alleging in the complaint all the facts necessary to constitute a good cause of action. Defendant answered

and interposed among other defenses the compromise and settlement evidenced by the writing above quoted. To the answer plaintiff replied: (1) That the settlement was procured by certain false and fraudulent representations; and (2) that there was no consideration to support it. In respect to the false representations the reply alleged that at the time of the settlement defendant represented and guaranteed that if certain new parts, consisting of cylinders and right and left rear axle sleeve brackets were installed and placed upon the engine, it would then be in first class condition and running order, and would then develop the continuous power and traction strength stated in the original warranty and comply fully therewith. It further alleged that these representations were false and untrue, that the new parts were procured and placed upon the engine, but were wholly ineffectual for any purpose and that the engine still remains worthless and of no value, because of defects therein existing prior to and since the new attachments were added. The reply further alleged that in making the settlement defendant relied upon the representations so made.

Upon the issues thus framed the cause came on for trial, at the conclusion of which the court directed a verdict for defendant. Plaintiff appealed from an order denying a new trial.

The only question presented is whether the evidence made a case for the jury upon the issue as to the validity of the settlement. If the evidence was sufficient and presented an issue for the jury, the court erred in directing a verdict for defendant. In disposing of the case we do not consider the sufficiency of the evidence to establish a breach of the original warranty, nor the question whether the conditions thereof were complied with by plaintiff. By the action of the trial court in limiting the trial to the question of the validity of the settlement, all other issues seem to have been regarded as of no importance until the question concerning the settlement was out of the way. And, as the court held the settlement valid, no effort was made to complete the record upon the other issues. We come then directly to the question stated.

The evidence makes it quite clear that in some way the engine was defective, at least that it did not fulfil the terms of the warranty, though under the management of an expert sent by defendant to put it in order

and in operation. The expert labored with the machine from October, 1909, to some time in December following, but without substantial results, as plaintiff claims. At the time of the settlement defendant expressly and without qualification represented that the new parts would put the machine in good working order and bring about a fulfilment of the original warranty. This representation was not true, at least the evidence offered by plaintiff tends to show that the machine worked no better after the new parts were attached than before.

The court held this showing insufficient to overcome the settlement, the theory of the learned trial court being, as we understand the record, that there was no evidence tending to show that in making the representations defendant intended to deceive or defraud plaintiff. In the conclusion that the evidence did not present an issue of fact, we are unable to concur. A majority of the court are of opinion that the question should have been submitted to the jury.

It was not necessary in order to defeat the settlement that intentional misrepresentation or deceit should appear. Plaintiff, on paper at least, had a valid cause of action against defendant for the alleged breach of warranty; he surrendered that cause of action in reliance upon the representation that when repaired in the manner stated the machine would be in good condition and capable of developing the horse power necessary to its usefulness. The damage to plaintiff, arising from the fact that the machine would not develop the necessary power with the new attachments, and from the loss by the settlement of its cause of action for the breach of the contract, is the same whether the representations which induced the settlement were known to be false by defendant, and made with an intent to deceive, or whether they were made innocently and in perfect good faith. The good faith of defendant is no defense (Schlechter v. Felton, 134 Minn. 143, 158 N. W. 813), and cannot be asserted as a basis for the contention that plaintiff, though misled and deceived in fact, must quietly suffer its loss because defendant was not actuated by an evil motive. 3 Dunnell, Minn. Dig. § 8553. Defendant was the manufacturer of the engine and presumptively possessed of knowledge of its condition and whether the improvements suggested would overcome the defects theretofore complained of. The representations were unqualified and must be

treated as assertions of a fact within the knowledge of defendant, the falsity of which constitutes fraud as a matter of law. This is thoroughly settled law in this state. Schlechter v. Felton, supra; Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L.R.A. 149, 18 Am. St. 485; Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533; Hedin v. Minneapolis & S. I. 62 Minn. 146, 64 N. W. 158, 35 L.R.A. 417, 54 Am. St. 628; Drake v. Fairmont D. T. & B. Co. 129 Minn. 145, 151 N. W. 914; Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L.R.A. 1916D, 144. The representation that the machine when equipped with the new attachments would be in good condition and capable of developing the necessary power was a representation of a fact, and not the mere expression of an opinion. Skoog v. Mayer Bros. Co. 122 Minn. 209, 142 N. W. 193; J. I. Case T. M. Co. v. McKinnon, 82 Minn. 75, 84 N. W. 646. And the fact that plaintiff alleged in the reply that the representation so made was known by defendant to be false and untrue is of no special importance. Plaintiff was not required to prove that allegation, and is entitled to relief from the contract without regard to the knowledge or lack of knowledge of defendant as to the falsity of the representation. Wilson v. Fuller, 58 Minn. 149, 59 N. W. 988.

This covers all that we deem it proper to say. Whether plaintiff has a meritorious claim, whether the conditions of the original warranty were complied with, and whether plaintiff lost whatever rights it had for a breach of the warranty by not returning the engine within the time fixed by the warranty, and whether such failure, if any, was waived by defendant, are all questions that were left undetermined below, and we do not consider them for they were not litigated, particular attention being given, at the suggestion of the court, to the question of the validity of the settlement. Since the court erred in directing a verdict upon that issue there must be a new trial. We pass the question whether there was a consideration for the settlement with the remark that the adjustment of the dispute between the parties was sufficient to support the agreement, if otherwise valid.

Order reversed.