## H. S. CALL v. TERMINAL SUPPLY COMPANY.[1]

May 13, 1927.

No. 25,919.

**Material paid for in reliance on false representation of seller.**

1. The evidence sustains the finding that the owner paid for material for which the right to a lien had been waived, in reliance on a representation that it had been furnished after the waiver.

**When doctrine of voluntary payment is inapplicable.**

2. The doctrine of voluntary payment does not apply where the payment is made in reliance on a misrepresentation.

Payment, 30 Cyc. p. 1312 n. 87; p. 1316 n. 14; p. 1325 n. 79.

Defendant appealed from an order of the municipal court of Minneapolis, C. L. Smith, J., denying its motion for a new trial. Affirmed.

*Lawrence R. Allison,* for appellant.
*Harold W. Cox,* for respondent.

TAYLOR, C.

The plumbing and heating fixtures in a building erected by plaintiff in 1922 were furnished and installed by a contractor named Clarke who purchased his material from the defendant. On March 15, 1922, defendant executed a waiver of its right to a lien for all material furnished Clarke prior to that date, and thereupon plaintiff paid $500 to Clarke on his contract and Clarke paid $722.84 to defendant for material furnished. Thereafter Clarke obtained from defendant the additional material needed to complete the contract. He became insolvent and was adjudged a bankrupt in the early part of July, 1922. Shortly thereafter defendant filed a lien on the building in the sum of $871.82 for the additional material furnished Clarke. Plaintiff negotiated a loan on the property and in order to

[1]Reported in 213 N. W. 917.

close the loan paid defendant's lien through the mortgagee. Thereafter Clarke's trustee in bankruptcy sued plaintiff for a balance claimed to be due Clarke. In this suit it developed that defendant's lien included an item of $211.85 for radiators delivered on the premises five days before defendant executed the waiver of its right to a lien. The trustee recovered a judgment against plaintiff for the amount of this item less a small deduction not involved herein. Plaintiff, having paid the contractor in full, brought the present suit to recover the amount of this item from defendant. The court directed judgment for that amount less a deduction not involved in this appeal. Defendant appealed from an order denying a new trial.

The verified statement of the claim of lien was not received in evidence, although it was before the trial court and properly admissible. The failure to receive it is not important, however, for the court had admitted in evidence a statement of the items of material furnished which is conceded to be identical with that contained in the claim of lien. These items all bear date as furnished after March 15, 1922, and apparently all except the radiators were in fact furnished after that date. Defendant ordered the radiators from the Minnesota Radiator Company of Duluth, and that company delivered them by truck at the building. Defendant did not receive the invoice for them until March 17, and apparently did not have them in mind when executing the waiver of its lien right on March 15.

The court found, in effect, that filing the lien statement constituted a representation by defendant to plaintiff that the items listed therein were furnished subsequent to the date of the waiver and therefore were lienable, and that plaintiff paid the full amount of the lien in reliance upon such representation. This finding is sustained by the evidence.

The verified claim of lien showed that the radiators had been delivered after March 15, and was as effective as a representation of that fact as any oral statement could be. Plaintiff having relied upon the statement to his prejudice, the fact that defendant may have made it innocently in the belief that it was true is no defense. Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W.

251, L. R. A. 1916D, 144, Ann. Cas. 1918A, 355; Schlechter v. Felton, 134 Minn. 143, 158 N. W. 813, L. R. A. 1917A, 556; Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665.

Defendant claims that plaintiff paid the lien voluntarily and is not entitled to recover for that reason. We cannot sustain this claim for the facts as to the item in controversy do not bring it within the doctrine of voluntary payments. That doctrine does not apply where the payment is made in reliance upon false representations, or under a mistake as to an essential fact. Lund v. Davies, 47 Minn. 290, 50 N. W. 79; Braithwait v. Bain, 66 Minn. 325, 69 N. W. 4; Parks v. Fogleman, 97 Minn. 157, 105 N. W. 560, 4 L. R. A. (N. S.) 363; McBrady v. Monarch Elev. Co. 113 Minn. 104, 129 N. W. 163.

We find no other questions requiring special mention and the order is affirmed.