MARTHA LOUISE BECKER v. JACOB AND ELMA MESSNER.[1]

November 9, 1928.

No. 26,855.

**Stipulation and judgment for dismissal vacated and action reset for trial.**
  During the progress of the trial of a personal injury action, after plaintiff had rested and one witness for defendant had testified, the parties in open court stipulated for a dismissal of the case on the merits, with prejudice. Within a few days thereafter, plaintiff, upon affidavits, secured an order requiring defendants to show cause why the stipulation should not be set aside and the case reset for trial. Defendants filed counter affidavits, and the matter was thus submitted by consent. The showing made warranted the court in making its order setting aside the dismissal and resetting the case for trial.

Stipulations, 36 Cyc. p. 1295 n. 90.

[1]Reported in 221 N. W. 724.

Defendants appealed from an order of the district court for St. Louis county, Freeman, J. setting aside a compromise settlement and a dismissal in an action for personal injuries and resetting the case for trial. Affirmed.

*Anderson & Reed,* for appellants.

*Naughtin & Henley,* for respondent.

HILTON, J.

Appeal by defendants from an order setting aside a compromise settlement and dismissal on the merits of a personal injury action and setting the case for trial at a succeeding term of court.

Suit was brought by plaintiff to recover for injuries sustained on July 4, 1927, in an automobile accident claimed to have been caused by the negligence and carelessness of defendants. The case was being tried to a jury. After plaintiff had rested and defendants had produced the testimony of one witness, a stipulation was entered into on November 9, 1927, in open court, in the presence of the plaintiff, for a dismissal upon the merits with prejudice, without costs to either party, upon the payment within ten days of $179.50 to plaintiff; in case such payment was not so made, judgment was to be entered for that amount. On November 15, 1927, and prior to the payment or tender of said money, plaintiff, upon affidavits, secured an order requiring the defendants to show cause why an order should not be issued setting aside the compromise settlement and dismissal and resetting the case for trial. Defendants opposed the making of such order by affidavits. On February 21, 1928, the district court ordered that the compromise settlement and dismissal be set aside and the case set for trial at the February, 1928, general term of the court. We briefly summarize the facts as follows:

Shortly after the injury complained of, plaintiff called upon a physician for treatment. He made no examination but stated to her that she had received no serious injury and advised her to go home and she would be all right. This information was also given by this physician to plaintiff's attorney with a further statement that plaintiff only imagined she was injured and that if she insti-

tuted a suit against defendants she was trying to "pull something." Naturally plaintiff's attorney did not call this physician as a witness.

After consulting this physician, plaintiff was treated by a chiropractor and two X-ray pictures were taken by another member of the same profession. Evidently these pictures were not particularly well taken, but both chiropractors testified that they showed a slight dislocation or subluxation of the fifth cervical vertebra. During the trial plaintiff called another regular physician as a witness, knowing that he had on that day at the request of the defense taken X-ray pictures. This witness had made no physical examination. He stated that the ailments of which she was complaining might have been caused by a slight concussion of the brain and amounted to nothing serious. To say the least, his testimony was discouraging to the plaintiff. He was not asked any questions relative to his X-ray pictures. The affidavit of this doctor, used by the defendants on the motion referred to, stated that the X-ray pictures taken by him showed considerable deformity in the fourth and fifth cervical vertebrae, but that in his opinion the said deformity existed long prior to the date of the accident.

The only witness called by the defense testified positively that he had examined the X-ray pictures taken by the chiropractors and that they did not disclose a partial dislocation or a subluxation. He further testified that he had on the day before made a very thorough examination of the plaintiff and that there was no evidence whatever of there having been any injury to her neck; that she was in good condition. It was at this stage that the stipulation was entered into. Under the situation then existing, it is not at all surprising that plaintiff was willing, under the advice of her counsel, to make such stipulation.

His suspicions being aroused, plaintiff's attorney on November 12 had her examined by another reputable physician in Duluth who took X-ray pictures and found a deformity in her neck showing the presence of a compression fracture involving the fourth and fifth cervical vertebrae. He found the injuries to be serious and such as

might be expected to cause more or less eventual permanent disability. He made a certificate to that effect and also an affidavit that according to the history of the case received by him this condition resulted from the accident on July 4, 1927.

It is manifest that had plaintiff or her attorney known the now claimed true condition the stipulation would not have been entered into. There was no lack of diligence on the part of plaintiff. If plaintiff received serious injuries in the accident and there is a liability on the part of the defendants under the situation here, it was proper for her to be given an opportunity of having the matter determined in a proper trial.

It is likely that defendants and their counsel believed at the time of the stipulation that plaintiff had not been injured to any appreciable extent, if at all, in the accident. If she was injured, as the Duluth physician claims, there was likely a mutual mistake of fact. This however is not necessary in order to sustain the action of the trial court. A compromise and settlement of a cause of action, procured by false representation as to material facts, the falsity of which was unknown to the person making them, may be set aside and avoided though there was no fraudulent or other wrongful intent to defraud or deceive. Jacobson v. C. M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L. R. A. 1916D, 144, Ann. Cas. 1918A, 355; Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665. The representations here as to plaintiff's physical condition were made in the strongest possible way by the sworn testimony of an expert witness for defendants in open court.

The district court had jurisdiction of the matter with the power to grant the relief asked. It was submitted by consent on affidavits. The order was amply justified under all the circumstances and was appealable.

Order affirmed.